# UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA
### PHILADELPHIA DIVISION

| | |
|---|---|
| **In re:** <br><br> Lori S Bascome, <br>     Debtor <br> **THE BANK OF NEW YORK MELLON, F/K/A THE BANK OF NEW YORK AS TRUSTEE FOR REGISTERED HOLDERS OF CWABS, INC., ASSET-BACKED CERTIFICATES, SERIES 2005-1** <br><br>     Movant <br> v. <br> Lori S Bascome <br>     Debtor/Respondent <br> William C. Miller, Esquire <br>     Trustee/Respondent | Bankruptcy No. 19-11040-elf <br><br> Chapter 13 <br><br> Hearing Date: 03/17/2020 <br> Time: 9:30 a.m. <br> Location: Courtroom #1, Nixon <br><br> Response Deadline: 03/09/2020 |

**MOTION OF THE BANK OF NEW YORK MELLON, F/K/A THE BANK OF NEW YORK AS TRUSTEE FOR REGISTERED HOLDERS OF CWABS, INC., ASSET-BACKED CERTIFICATES, SERIES 2005-1 FOR RELIEF FROM THE AUTOMATIC STAY TO PERMIT THE BANK OF NEW YORK MELLON, F/K/A THE BANK OF NEW YORK AS TRUSTEE FOR REGISTERED HOLDERS OF CWABS, INC., ASSET-BACKED CERTIFICATES, SERIES 2005-1 TO FORECLOSE ON 201 HANSELL RD, NEWTOWN SQUARE, PA 19073-2508**

Secured Creditor, THE BANK OF NEW YORK MELLON, F/K/A THE BANK OF NEW YORK AS TRUSTEE FOR REGISTERED HOLDERS OF CWABS, INC., ASSET-BACKED CERTIFICATES, SERIES 2005-1, by and through the undersigned counsel, hereby moves this Court, pursuant to 11 U.S.C. § 362(d) and 11 U.S.C. § 1301, for a modification of the automatic stay provisions for cause, and, in support thereof, states the following:

1. Debtor, Lori S Bascome, filed a voluntary petition pursuant to Chapter 13 of the United States Bankruptcy Code on February 20, 2019.

2. Jurisdiction of this cause is granted to the Bankruptcy Court pursuant to 28 U.S.C. § 1334, 11 U.S.C. § 362(d), Fed. R. Bankr. P. 4001(a), and all other applicable rules and statutes affecting the jurisdiction of the Bankruptcy Courts generally.

3. On February 23, 2005, Robert Bascome and Lori Bascome executed and delivered a Promissory Note ("Note") and Mortgage ("Mortgage") securing payment of the Note in the amount of $385,000.00. A true and correct copy of the Note is attached hereto as Exhibit "A."

4. The Mortgage was recorded on March 8, 2005 in Book 03428 at Page 2058 of the Public Records of Delaware County, Pennsylvania. A true and correct copy of the Mortgage is attached hereto as Exhibit "B."

5. The Mortgage was secured as a lien against the Property located at 201 Hansell Rd, Newtown Square, PA 19073-2508, ("the Property").

6. The loan was lastly assigned to THE BANK OF NEW YORK MELLON, F/K/A THE BANK OF NEW YORK AS TRUSTEE FOR REGISTERED HOLDERS OF CWABS, INC., ASSET-BACKED CERTIFICATES, SERIES 2005-1 and same was recorded with the Delaware County Recorder of Deeds on May 25, 2012, in Book 05122 at Page 0317. A true and correct copy of the Assignment of Mortgage is attached hereto as Exhibit "C."

7. Based upon the Debtor(s)' Amended Chapter 13 Plan (Docket No.43), the property is treated outside the plan and Secured Creditor will receive payments directly for post-petition monthly payments. A true and correct copy of the Amended Plan is attached hereto as Exhibit "D."

8. Co-Debtor(s), Robert Bascome, are liable on and/or has secured the aforementioned debt with the Debtor(s).

9. Carrington Mortgage Services, LLC services the loan on the Property referenced in this motion. In the event the automatic stay in this case is modified, this case dismisses, and/or the Debtor obtains a discharge and a foreclosure action is commenced on the mortgaged property, the foreclosure will be conducted in the name of Movant. Movant, directly or through an agent, has possession of the promissory note. Movant will enforce the promissory note as transferee in possession. Movant is the original mortgagee or beneficiary or the assignee of the Mortgage.

10. Debtor has failed to make the monthly payments of principal, interest, and escrow in the amount of $3,122.84 which came due on November 1, 2019, December 1, 2019, January 1, 2020, and February 1, 2020, respectively.

11. Additionally, fees are due in the amount of $1,400 as well as there being a post-petition suspense balance of ($1,385.50).

12. Thus, Debtor(s)' post-petition arrearage totaled the sum of $12,505.86 through February 28, 2020.

13. Under Section 362(d)(1) of the Code, the Court shall grant relief from the automatic stay and Co-Debtor stay for "cause" which includes a lack of adequate protection of an interest in property. Sufficient "cause" for relief from the stay under Section 362(d)(1) and Co-Debtor stay pursuant to 11 U.S.C. § 1301 is established where a debtor has failed to make installment payments or payments due under a court-approved plan, on a secured debt, or where the Debtor(s) have no assets or equity in the Mortgaged Property.

14. As set forth herein, Debtor has defaulted on her secured obligation as she has failed to make her monthly post-petition installment payments.

15. As a result, cause exists pursuant to 11 U.S.C. § 362(d) and 11 U.S.C. § 1301 of the Code

for this Honorable Court to grant relief from the automatic stay to allow Secured Creditor, its successor and/or assignees to pursue its state court remedies, including the filing of a foreclosure action.

16. Additionally, once the stay is terminated, the Debtor(s) will have minimal motivation to insure, preserve, or protect the collateral; therefore, Secured Creditor requests that the Court waive the 14-day stay period imposed by Fed.R.Bankr.P. 4001(a)(3).

**WHEREFORE**, Secured Creditor, prays this Honorable Court enter an order modifying the automatic stay under 11 U.S.C. § 362(d) and 11 U.S.C. § 1301 to permit THE BANK OF NEW YORK MELLON, F/K/A THE BANK OF NEW YORK AS TRUSTEE FOR REGISTERED HOLDERS OF CWABS, INC., ASSET-BACKED CERTIFICATES, SERIES 2005-1 to take any and all steps necessary to exercise any and all rights it may have in the collateral described herein, to gain possession of said collateral, to seek recovery of its reasonable attorneys' fees and costs incurred in this proceeding, to waive the 14-day stay imposed by Fed.R.Bankr.P. 4001(a)(3), and for any such further relief as this Honorable Court deems just and appropriate.

Date: February 24, 2020

Respectfully submitted,

BERNSTEIN-BURKLEY, P.C.

By:/s/ Keri P. Ebeck
Keri P. Ebeck, Esq.
PA I.D. #91298
kebeck@bernsteinlaw.com
707 Grant Street
Suite 2200, Gulf Tower
Pittsburgh, PA 15219
 (412) 456-8112

19-11040-elf
MFR