**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| Lori S. Bascome <br> *Debtor(s)* | CHAPTER 13 |
| THE BANK OF NEW YORK MELLON, F/K/A The Bank of New York as trustee for registered Holders of CWABS, Inc., Asset-Backed Certificates, Series 2005-1 <br> *Movant* <br> vs. | NO. 19-11040 AMC |
| Lori S. Bascome <br> *Debtor(s)* | 11 U.S.C. Section 362 |
| Kenneth E. West <br> *Trustee* | |

## **STIPULATION**

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. As of December 13, 2023, the post-petition arrearage on the mortgage held by the Movant on the Debtor's residence is **$3,586.44 .** Post-petition funds received after December 13, 2023, will be applied per the terms of this stipulation as outlined here. The arrearage breaks down as follows;

Post-Petition Payments:           December 2023 at $3,286.44/month
Fees & Costs Relating to Default: $300.00
**Total Post-Petition Arrears       $3,586.44**

2. Debtor(s) shall cure said arrearages in the following manner;

   a). Beginning on January 2024 and continuing through June 2024, until the arrearages are cured, Debtor(s) shall pay the present regular monthly payment of **$3,286.44** on the mortgage (or as adjusted pursuant to the terms of the mortgage) on or before the first (1st) day of each month (with late charges being assessed after the 15th of the month), plus an installment payment of **$597.74** towards the arrearages on or before the last day of each month at the address below;

Carrington Mortgage Services, LLC

1600 South Douglass Road

Anaheim, CA  92806

    b).    Maintenance of current monthly mortgage payments to the Movant thereafter.

    3.    Should debtor(s) provide sufficient proof of payments (front & back copies of cancelled checks and/or money orders) made, but not credited, Movant shall adjust the account accordingly.

    4.    In the event the payments under Section 2 above are not tendered pursuant to the terms of this stipulation, the Movant shall notify Debtor(s) and Debtor's attorney of the default in writing and the Debtors may cure said default within FIFTEEN (15) days of the date of said notice.  If Debtor(s) should fail to cure the default within fifteen (15) days, the Movant may file a Certification of Default with the Court and the Court shall enter an Order granting the Movant relief from the automatic stay.

    5.    The stay provided by Bankruptcy Rule 4001(a)(3) is waived.

    6.    If the case is converted to Chapter 7, the Movant shall file a Certification of Default with the court and the court shall enter an order granting the Movant relief from the automatic stay.

    7.    If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

    8.    The provisions of this stipulation do not constitute a waiver by the Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

9. The parties agree that a facsimile signature shall be considered an original signature.

Date:   December 14, 2023

                                           **/s/ Mark A. Cronin, Esquire**
                                           Mark A. Cronin, Esquire
                                           Attorney for Movant

Date: 12/18/2023                      */s/ Brad J. Sadek, Esq.*
                                             Brad J. Sadek, Esquire
                                             Attorney for Debtor(s)

Date: 1/9/2024                        */s/Jack Miller, Esquire for The Chapter 13 Trustee*
                                             Kenneth E. West, Esquire
                                           Chapter 13 Trustee    *no objection to its terms, without prejudice to any of our rights and remedies*

Approved by the Court this ___ day of _____, 2023. However, the court retains discretion regarding entry of any further order.


                                           Bankruptcy Judge
                                           Ashely M. Chan